THE PEOPLE EX REL. WILLIAM REEDER, TREASURER OF THE TOWNSHIP OF REEDER, v. THE TREASURER OF THE COUNTY OF WEXFORD.

*Mandamus to Compel Payment by a Public Officer—Interest.*

Mandamus proceedings against an official, merely as an official, are not affected by a change of incumbency.

The relator in mandamus is not usually granted greater relief than is claimed in his application for the writ.

In mandamus to compel a county treasurer to pay money the right to which is disputed, interest is not usually allowed in the absence of a statute or contract relation calling for it.

MANDAMUS. Motion submitted October 3. Decided October 16. The facts are in the opinion.

*Edwin S. Pratt* (on brief) for the writ referred to Comp. L., §§ 764, 1022, 1033; Act 169 of 1869, 1 Sess. L. 1869, p. 362.

*McIntyre & Rice* (on brief) against. A showing of a want of funds is a complete answer to an order to show cause why mandamus should not issue to compel payment. *Allen v. Frink,* 32 Mich., 96; Moses on Mandamus, 99.

GRAVES, J. This case comes up on findings by the circuit judge in a proceeding in this court for mandamus, and the only question which is fairly open is upon the amount to be ordered paid. The proceeding is one substantially against the county and not personally against the treasurer except as a means to work out redress against the county. The circumstance that the incumbency of the office of county treasurer has changed in the progress of the events connected with the matter in controversy is of no importance. The office itself has continued and has been and is represented by an officer, and that is enough for the purpose of the present proceeding.

The present townships of Reeder and Colfax were formerly under an organization by the name of Colfax and were then divided into two as they now are.

Wexford county had received a considerable sum for delinquent taxes on lands in the old township and was indebted to it therefor, and on a settlement between the two townships after the division this indebtedness was assigned to Reeder, and the county treasurer of Wexford county was duly notified thereof.

The county made payments to Reeder, reducing the

indebtedness to $609.08 and declined to pay further.    It would seem that some question arose as to whether in fact there had been a perfect and legitimate settlement between the townships, and also concerning the true amount, if any, remaining to be paid by the county to the township of Reeder.    This however is set at rest by the finding so far as the above balance is concerned.    The counsel for respondent adduce no reason deserving comment why the county ought not to be required to pay over the sum of $609.08, and we are not able to discover any.

A further claim is made, however.    The judge finds that $191.37 arose as interest on this balance for delay during four years and five months and the relator contends that this ought to be included.    There is reason for thinking some error crept into this calculation of interest, but that is not now important.    I am unable to find in this proceeding any real ground for requiring payment of it.

The application made no such claim.    That went upon the idea that the county withheld a fixed sum to which the township as matter of strict legal right was conclusively entitled.    Nothing was demanded in the nature of mere damages, nor any hint given of an obligation by express contract or by statute to pay anything simply as interest and it is not usual in mandamus to advance beyond the application in according relief to the relator.    Moreover it is very uncommon in administering this remedy when such municipal bodies as those here concerned are the substantial litigants, to require payment of interest unless some statute or contract relation points pretty clearly to the justice of the allowance, and no such ground has been suggested by counsel or discovered by the court.    I think the writ ought to be allowed to require payment of $609.08 and that relator should have his costs.

The other Justices concurred.