WISCONSIN, MICHIGAN & NORTHERN RAILWAY CO. *v.* STATE RAILROAD CROSSING BOARD.

1. RAILROAD CROSSING BOARD—EXPIRATION OF OFFICE—ABATEMENT OF PENDING PROCEEDINGS.

   *Mandamus* proceedings to compel the state railroad crossing board to take official action upon a railroad map presented for its approval will not abate because, pending a determination of the cause, the terms of office of a majority of the board expire, but the writ may issue in such case to their successors in office.

2. SAME—APPROVAL OF MAP—MANDAMUS.

   3 How. Stat. § 3321, provides that the railroad crossing board shall approve a map of a railroad within 30 days after its presentation, or within such time file in the office of the commissioner of railroads written reasons for disapproving it, and serve a copy thereof upon the company. *Held*, that *mandamus* will lie to compel the board to reduce its objections to writing.

3. SAME—DISCRETIONARY POWERS—REVIEW.
    Whether, when the reasons for the board's disapproval of a
    proposed route have been reduced to writing, the exercise of
    its discretionary powers will in any case be subject to re-
    view,—*quære.*

*Mandamus* by the Wisconsin, Michigan & Northern
Railway Company to compel Sybrant Wesselius, commis-
sioner of railroads, and others, constituting the state rail-
road crossing board, to take official action upon a map.
Submitted February 7, 1899. Writ granted March 6,
1899.

*Mason, Holmes & Mason* (*Russell C. Ostrander*, of
counsel), for relator.

*Fred A. Maynard*, for respondents.

PER CURIAM. This is an application for *mandamus* to
compel the respondents, as the crossing board, to approve
the map of the relator. It appears that the map was pre-
sented, and that at the time the petition was filed the same
had not been approved by a majority of the board. The
railroad commissioner had approved the map, the secre-
tary of state had signed a statement showing reasons why
he did not approve it, and the then attorney general,
while he had orally stated his reasons for not approving
the map, had not reduced them to writing and filed them
with the commissioner. The statute (section 3321, 3
How. Stat.) provides that the board shall approve the
map within 30 days from the time it is presented by the
company, or within 30 days shall file in the office of the
commissioner of railroads written reasons for the disap-
proval of said map, or any part thereof, and serve a copy
of said reasons upon the said company.

Since the petition was filed, Secretary of State Gardner
and Attorney General Maynard have been succeeded in
office, their respective terms having expired. The ques-
tion is raised as to whether, under these circumstances,
the court should proceed to grant an order in the case, or

whether the relator should be required to proceed *de novo*. The proceeding is against members of the board as officers, and a writ is asked to compel official action. The proceeding does not, in such cases, abate, but the order may run to the present members of the board. Merrill, Mand. § 238; *Reeder* v. *Wexford County Treasurer*, 37 Mich. 351; *People* v. *Bacon*, 18 Mich. 247.

It is contended that the reasons for the refusal to approve the map of relator, assigned by the respondents on the hearing, are insufficient. We do not determine this. As was said in *Fort-St. Union Depot Co.* v. *State Railroad Crossing Board*, 81 Mich. 248, 257, the board is "vested with a discretionary power to approve or disapprove." Whether, in any case, this power is subject to review, we do not now decide. The action of the board was not taken in the manner prescribed by statute. The relator is entitled to have the reasons for refusing to approve the map set forth of record.

The writ will issue directing the board to proceed to approve or disapprove the map.