THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JACKSON *et al.* V. JOHN KAUL.

No. 15,551.   (96 Pac. 45.)

1. TAXATION—*Failure to List Personal Property—Correction of Assessor's Returns—Involuntary Payment—Recovery of Illegal Tax.* It was said the failure of a taxpayer to list all his property will not prevent him from recovering taxes on personal property wrongfully charged against him under color of section 7599 of the General Statutes of 1901 and paid under the compulsion of a tax warrant.

2. ———— *Case Followed.* The rule announced in the case of *Douglas County v. Lane*, 76 Kan. 12, 90 Pac. 1092, followed.

3. ――― *Levy and Assessment—Authority—Validity.* It was said that where taxes have been brought upon the tax-roll by a specific kind of authority they stand or fall by virtue of that authority.

Error from Jackson district court; MARSHALL GEP-HART, judge. Opinion filed February 8, 1908. Modified. Opinion denying a motion to order a further modification of the judgment filed April 11, 1908.

*E. D. Woodburn, A. E. Crane,* and *F. T. Woodburn,* for plaintiffs in error.

*Charles Hayden,* for defendant in error.

*Per Curiam:* The motion to make the petition more definite and certain, the demurrer to the petition, and the objection to the introduction of evidence under the petition, were all properly overruled, and the objections to evidence were all properly dealt with, since notwithstanding the failure of the plaintiff to list all his property he could recover taxes which were wrongfully charged against him under color of section 7599 of the General Statutes of 1901 and which he paid under the compulsion of a tax warrant. (*Douglas County v. Lane,* 76 Kan. 12, 90 Pac. 1092.) The terms of the plaintiff's protest did not form a part of his cause of action. The question was, Did he pay voluntarily? If not, he could recover. He did pay under the coercion of a tax warrant, and that was sufficient.

Assignment of error No. 25 merely says the judgment was wrong. There is no assignment of error that the judgment in favor of the plaintiff is not sustained by sufficient evidence. However, the judgment for the plaintiff is sustained by the pleadings and the evidence.

In October of each year there is a general settlement between the treasurer and the board of county commissioners, which includes a settlement of the financial affairs of each city, township and school district of the

county. (Gen. Stat. 1901, §§ 1684, 1685.) The new tax-roll for the year, which must be delivered to the treasurer and the amount of taxes shown thereon charged to him by November 1, then starts a new set of accounts, transactions and proceedings. The purpose is that personal property not listed with the assessor in any year shall be placed on the roll before the October settlement of that year, if the assessment be made by the county clerk under section 7599, above referred to. (*Douglas County v. Lane,* 76 Kan. 12, 90 Pac. 1092.) Every proposition of merit presented by the plaintiff in error has been decided in the case cited.

There is no provision in the section referred to for double assessment, such as is permitted to assessors. The taxes having been brought upon the roll by a specific kind of authority, they stand or fall by virtue of that authority. Therefore the cross-petition in error is well founded, and the plaintiff should have judgment for the remainder of the amount which he paid.

The cause is remanded with instruction to modify the judgment as indicated.

---

OPINION DENYING A MOTION FURTHER TO MODIFY JUDGMENT.

### SYLLABUS BY THE COURT.

TAXATION—*Payment under Protest and Compulsion—Action to Recover—Interest—Liability of a County.* The general interest statute allowing creditors to receive, in the absence of contract, interest upon money after it becomes due cannot be interpreted to impose a liability upon a county, which is a political subdivision of the state, organized for purely governmental purposes and endowed with *quasi*-corporate powers only; and, in an action against county officers to recover taxes wrongfully exacted over the protest of the taxpayer and through the compulsion of a tax warrant, interest on the money from the time it was paid (it then being due) cannot be recovered.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the county officials to recover a sum of money which was illegally charged against him as personal property taxes, and which he paid under protest and under the compulsion of a tax warrant. In his petition he prayed for interest at the rate of six per cent. per annum on the amount paid from the date of payment. The district court rendered judgment for the recovery of a portion only of the sum claimed and allowed no · interest. On proceedings in error in this court brought by both parties the judgment of the district court was modified, and an order was made that the plaintiff be given judgment for the whole amount he had wrongfully been compelled to pay. (*Jackson County v. Kaul, ante,* p. 715.) The question of interest was overlooked, and a motion is now made for a further direction to the trial court to include in its judgment interest as prayed for in the petition.

The action being grounded upon official conduct in a matter affecting the public interest, and the object being to obtain reimbursement for funds paid into the county treasury, the suit is in fact one against the county. (*Reeder v. Wexford Co. Treasurer,* 37 Mich. 351.) If interest be recoverable it must be by virtue of section 3590 of the General Statutes of 1901, which reads as follows:

"Creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate of interest is agreed upon, for any money after it becomes due."

The word "creditors" is here used in the broad sense of those who have the legal right to demand and receive the payment of money, and includes the plaintiff in the transaction under investigation. The money having been wrongfully extorted from the plaintiff by the threatened seizure of his property under the tax warrant then in the sheriff's hands for execution, the county

had no right to retain it for a single day. It owed the plaintiff the duty to make restitution at once. (See 22 Cyc. 1506.) No demand was necessary, because the money had been exacted over the plaintiff's protest and denial of liability. Therefore the money was "due" as soon as the county had taken it.

So far the statute has been looked at from the creditor's side. Considered from the view-point of the debtor, it imposes a duty and a liability outside of contract which would not otherwise exist. Do its merely general terms extend to counties? The general rule that the state is not bound by statutes limiting rights or imposing burdens unless it be expressly named or be intended by necessary implication is familiar. (*The State v. Book Co.*, 69 Kan. 1, 24, 76 Pac. 411, and authorities there cited.) To bind the state by an implication it must be one that is unavoidable. If there be a doubt upon the subject, that doubt must be resolved in favor of the state. (*The State v. School District*, 34 Kan. 237, 242, 8 Pac. 208.)

Counties are mere political subdivisions of the state. (*Commissioners of Shawnee County v. Carter*, 2 Kan. 115.) They are mere instrumentalities of the state in the exercise of its governmental functions, and are given corporate power only so far as may be necessary to aid those functions. They are only *quasi*-corporations (*Comm'rs of Neosho Co. v. Stoddart*, 13 Kan. 207, 210; *Freeland v. Stillman*, 49 Kan. 197, 207, 30 Pac. 235; *In re Dalton*, 61 Kan. 257, 264, 59 Pac. 336, 47 L. R. A. 380; *The State v. Wilson*, 65 Kan. 237, 238, 69 Pac. 172), and are clearly distinguished from municipal organizations like cities, which are given far greater powers and are endowed with much larger measures of corporate life. (1 Dill. Mun. Corp., 4th ed., § 25; 11 Cyc. 341 *et seq.*) This suit can be maintained only because it relates to a subject which falls strictly within the limits of expressly granted authority. If it does not, the county cannot be sued any more than the state

itself. When the statutes have made no distinction a county is entitled to the same privileges and immunities as the state.

"A general statute, declaring or affecting rights and interests, does not include the state, unless it be included expressly or by necessary implication; and counties being but political subdivisions of the state are within the same rule." (*Cole v. White County;* 32 Ark. 45, syllabus.)

In an editorial note found in 22 Am. St. Rep. 648 many cases are collated in support of the proposition that general interest statutes do not bind the states or the United States, the presumption being that such statutes were intended to apply to individuals only, and not to the sovereign. In the following decisions the same rule in regard to general interest statutes was applied in cases against counties: *Seton v. Hoyt,* 34 Ore. 266, 55 Pac. 967, 43 L. R. A. 634, 75 Am. St. Rep. 641; *Reeder v. Wexford Co. Treasurer,* 37 Mich. 351; *B'd Sup'rs Warren Co. v. Klein,* 51 Miss. 807, 816; *Madison County et al. v. Bartlett,* 2 Ill. 67. In the case of *Savings etc. Soc. v. San Francisco,* 131 Cal. 356, 63 Pac. 665, an action against the county and city of San Francisco to recover taxes paid under protest, it was said:

"The code sections cited relate to interest as compensation or damage between parties to an action, and the language of the statute is general and does not include the state or any of its political subdivisions." (Page 363.)

Judge Cooley adopts the principle of this decision in the text of his work on Taxation, where, in discussing remedies for the recovery of taxes wrongfully collected, he says: "Interest is recoverable only when expressly allowed by statutes." (2 Cooley, Tax., 3d ed., 1510.) In a note to this text the case of *Railroad v. State,* 63 N. H. 571, 4 Atl. 571, is cited, in which interest was allowed to a taxpayer who had contributed more than his share to the public revenues, but the objections to such a ruling which are now under consideration were not

raised, discussed or decided, the only question being, apparently, whether the case was one of tort, in which the ordinary rule of damages is the value of the property taken, with interest. The same is true of the cases of *Boston and Sandwich Glass Co. v. City of Boston,* 45 Mass. 181, and *Railway Co. v. City Council,* 49 S. C. 449, 27 S. E. 652. Perhaps the last two cases might also be distinguished because they were brought against municipal corporations proper. (See *Shipley v. Hacheney,* 34 Ore. 303, 55 Pac. 971; *Monteith v. Parker,* 36 Ore. 170, 174, 59 Pac. 192, 78 Am. St. Rep. 768.)

In the case of *Robbins v. Lincoln County Court,* 3 Mo. 57 (2d ed., p. 36), the court allowed interest on county warrants under the general statute relating to interest, and said:

"It may be true that the legislature did not even so much as think of embracing in the law counties as liable to pay interest. But the words of the act are extensive enough to embrace all persons, and bodies, capable of owing money by bond, bill, promissory note, or other instruments in writing." (Page 58.)

This method of interpreting statutes is clearly at variance with the settled rules upon the subject.

The motion is denied.