No. 28,391.

SCHOOL DISTRICT No. 141 in Sedgwick County, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KINGMAN, *Appellant*.

(273 Pac. 427.)

Opinion filed January 12, 1929.

*Paul R. Wunsch* and *H. E. Walter*, both of Kingman, for the appellant.

*Ed. T. Hackney*, of Wellington, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a school district in Sedgwick county to recover tuition from Kingman county for pupils who resided in Kingman county and attended high school (at Cheney) in Sedgwick county. Plaintiff prevailed and defendant appeals.

Trial was to the court. Material facts agreed to were substantially that Sedgwick county operates under the Barnes law (R. S. 72-3001 to 72-3022, with later amendments); that Cheney is located about a mile from the Sedgwick-Kingman line; is the center of school district No. 141, and maintains a high school, the graduates of which are entitled to admission to the freshman class of the schools of arts and sciences in the University of Kansas. That the pupils in question are *bona fide* residents of Kingman county, and all presented certificates signed by the superintendent of public instruction of Kingman county, certifying that they had completed the course of study for the eighth grade or passed examinations

satisfactory to the high-school authorities of the plaintiff district. That all of them attended plaintiff's high school for the time in question. That the county superintendent of Sedgwick county approved the bills for tuition for 1924-'25 and 1925-'26 and recommended their payment. It was also agreed that there were rural high-school districts within Kingman county during the years in question and specifying their enrollment, where the pupils in question might have attended. That the taxable valuation of certain townships of Kingman county, where the pupils in question might have attended, was sufficient for the establishment of another rural high-school district. Also, that the students attending the plaintiff high school from Kingman county resided at distances from five to seven miles from the school; that some of them lived within from seven to nine miles of the Norwich rural high school in Kingman county, and some within ten miles of the high school at Kingman.

The defendant contends that under the provisions of the existing law (Laws of 1905, ch. 397), as subsequently amended, the students in question should have attended a high school maintained in the townships of Vinita and Evan in Kingman county. That in order for the plaintiff to maintain this action against Kingman county it should have shown that there were an insufficient number of students in such townships to organize and maintain another high school, and that the valuation of that territory was insufficient to maintain a high school. That the townships in question (two from which students attend the Cheney high school) have a valuation of something over two and a half million dollars, and that within their territory there were during the two years in question around sixty students of high-school age and attainment. A painstaking argument in support of the contention cannot be sustained because not in conformity with the requirements of the statute, which reads:

"That tuition shall be free in all high schools established pursuant to Laws 1905, ch. 397, as amended by later enactments, to pupils residing in the county where such high-school law is in force: *Provided,* That such pupils shall present to the high-school authorities an entrance certificate, signed by the county superintendent of public instruction, certifying that such pupil has completed the course of study prescribed by the state board of education for the pupil below the high school, or who shall pass such entrance examination as the high-school authorities may require: *Provided further,* That when pupils reside in an adjacent county that does not operate under the provisions of such high-school law established pursuant to Laws 1905, ch. 397, as amended by later enactments, the board of county commissioners of such adjacent county in which the pupils reside, shall, upon recommendation of the

county superintendent of public instruction having jurisdiction over the high school where said pupils attend, pay the tuition of $2 per week, or fraction thereof, for such pupils to the district in which the high school is located: *Provided further,* That this act shall apply to all high-school pupils residing in any adjacent county that attend high school established under Laws 1905, ch. 397, as amended by later enactments: *Provided further,* That the said county commissioners shall pay such tuition from the general fund of the county where such pupil or pupils reside." (R. S. 72-3014.)

In *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 832, 250 Pac. 313, it was said in the opinion:

"In *Board of Education v. Leavenworth County Comm'rs,* 119 Kan. 117, 237 Pac. 1055, it was held that tuition must be paid on the recommendation of the county superintendent of the county in which the pupils resided. Under that construction, sections 72-3013 and 72-3014 conflict with each other. Which is the controlling statute? Section 72-3014 is the last expression of the legislature, and for that reason it must control." (p. 836.)

The parties to this action were before this court in a mandamus action by plaintiff to compel defendant to pay the tuition in question, in *School District v. Kingman County Comm'rs,* 122 Kan. 213, 251 Pac. 631, where it was held that payment could not be compelled by mandamus. It was, however, observed in the opinion:

"The petition states facts which bring the case completely within the rule declared in *Byers Rural High School v. Stafford County Comm'rs,* 121 Kan. 832, so far as the liability of Kingman county to plaintiff district is concerned." (p. 214.)

We adhere to the decision that the defendant is liable for the tuition.

Contention is made that the court erred in allowing interest on the claims from the date they became due, because there is no statutory authorization therefor. (*Jackson County v. Kaul,* 77 Kan. 715, 96 Pac. 45; *Salthouse v. McPherson County,* 115 Kan. 668, 224 Pac. 70.) Plaintiff's petition prayed for judgment for the full amount of the first claim, with interest at six per cent from July 1, 1925, and on the second claim at the same rate from July 1, 1926. The court entered judgment upon the two claims, calculating interest up to and including October 3, 1927, the date on which judgment was rendered, and included such interest in the judgment, the total amount being $3,556.08, of which amount $327.28 was interest.

The plaintiff, on the other hand, contends that the defendant approved the figures and amounts which were given to the court; that

the defendant did not question the allowance of interest before the trial court and is precluded from first raising the question here. In answer to this, the defendant argues that while the specific point was not mentioned to the trial court, the general allegations of error contained in its motion for a new trial were sufficient to comprehend the question of interest; that the court overruled the motion for a new trial, and that it is therefore not precluded from raising the question here. This court has repeatedly held that error cannot be predicated upon action of the trial court unless the alleged erroneous action is submitted to that court for determination. (*Kelly v. Insurance Co.,* 101 Kan. 636, 168 Pac. 686; *Schmitz v. Schmitz,* 125 Kan. 115, 263 Pac. 1045; *Koshka v. Railroad Co.,* 114 Kan. 126, 219 Pac. 293.) It is apparent that neither of the parties to the action nor the trial court gave any attention to the question of interest. It was computed by the parties, and no question being raised it was allowed by the court as a matter of course. Under the circumstances it cannot be said that the court committed error in allowing it. However, since there is no authority under the statute for the allowance of interest on a debt due from a county (*Jackson County v. Kaul,* supra; *Salthouse v. McPherson County,* supra), we are of the opinion the judgment should be modified so far as the interest item is concerned.

The judgment is modified by striking out the amount of interest. and as modified is affirmed.