No. 33,256

FIRST NATIONAL BANK IN ALMA, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WABAUNSEE, *Appellant.*

(66 P. 2d 558)

Opinion filed April 10, 1937.

*E. W. Stuewe, C. E. Carrol* and *A. E. Carrol,* all of Alma, for the appellant.

*James E. Smith, Earl H. Hatcher, Frank H. McFarland* and *Schuyler W. Jackson,* all of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was brought to recover from the de-

fendant county the principal sum and interest on two warrants. Plaintiff prevailed, and defendant appeals.

The main question is whether the county is liable for interest on the warrants. The warrants were issued by the county prior to and were outstanding when the 1929 state highway act became effective. (Laws 1929, ch. 225.) The claim was presented to defendant under requirements of the cash-basis law. (Laws 1933, ch. 319.) The claim was rejected and an appeal was taken to the district court. The action was there tried on an original and a supplemental agreed statement of facts. The original stipulation, except for exhibits attached, which it is not deemed necessary to set out, was as follows:

"It is hereby agreed and stipulated between the plaintiff, the First National Bank in Alma, and the defendant board of county commissioners of Wabaunsee county, Kansas, that the following facts are admitted and may be considered by the court at each and every trial and hearing had herein with the same effect as if testified to by witnesses in this action, to wit:

"1. That prior to April 1, 1929, Wabaunsee county, Kansas, had outstanding a number of warrants drawn on account of various funds and projects in connection with the construction, improvement and reconstruction of highways, which became a part of the state highway system under the terms of the act of 1929, in the net sum of $65,992.21, as evidenced by a copy of the resolution of the board of Wabaunsee county, Kansas, attached hereto and marked exhibit A; that thereafter and under and by virtue of chapter 225 of the Laws of 1929, section 17, subsection 3 thereof, and section 19 of said act, the state highway commission was directed by law to assume, take over and pay outstanding warrants of any county issued for the construction, improvement or reconstruction of the state highway system, according to the said provisions of said act.

"2. That thereafter and prior to July ——, 1929, the state highway commission allowed and the board of Wabaunsee county, Kansas, accepted the sum of $64,600.64, on account of said liability, and that thereafter payments were made to the county from time to time between July ——, 1929, and October 17, 1931, until the said sum of $64,600.64 was paid in full, as evidenced by a statement of county settlement payments paid to Wabaunsee county, Kansas, by the state highway commission, attached hereto and marked exhibit B. The warrant No. 926, dated October 2, 1928, and payable out of improvement fund No. 517-A-B-C of Wabaunsee county, drawn to the order of A. L. Cook in the sum of $6,440.24, and warrant No. 419, dated March 30, 1929, payable out of improvement fund No. 243-A of Wabaunsee county and drawn to the order of Western Bridge Company in the sum of $3,532.79, were two of the obligations assumed by the said highway commission as aforesaid.

"3. That these warrants and other warrants so assumed by the highway commission as aforesaid were endorsed in due course by the payees thereof and were held by various banks in Wabaunsee county, Kansas, and upon

presentation to the county treasurer, all of said warrants were marked 'not paid for want of funds' and returned to the holders thereof. That warrants No. 926 and 419 were so held by the First National Bank in Alma, Kansas, or it predecessors in the due course of business.

"4. That during the period between July ——, 1929, and October 17, 1931, the money received by the county treasurer of Wabaunsee county, Kansas, as set out by exhibit B, attached hereto, was disbursed according to law, and all of the warrants listed in exhibit A, for which the said settlement was made, were paid in full, with interest, except warrants Nos. 926 and 419 aforesaid, and the balances due on said warrants, according to the pleadings herein, represented the interest paid or accrued on all of the warrants outstanding on April 1, 1929. That no other payments have been made upon the warrants held by plaintiff except as above stated.

"5. That thereafter and on the 11th day of July, 1932, Wabaunsee county, Kansas, made demand upon the said highway commission, and upon the refusal to pay by the said highway commission, brought an action in the district court of Shawnee county, Kansas, in which the said county sought to recover from the said highway commission the sum of $8,888.62, which at that time represented the balance due on the two warrants held by plaintiff herein as aforesaid, or, in other words, the difference between the sum paid by the state highway commission to Wabaunsee county and the total amount of all of said highway warrants, together with interest thereon which had been paid or was payable at said time. And it is agreed that the amount now sued for in this case by plaintiff represents the interest on all of the obligations listed in exhibit A and which Wabaunsee county claims should have been paid by the state highway commission. That on the 17th day of December, 1934, the said case was withdrawn without final determination of the questions presented on the merits.

"6. That unless the balances set out in plaintiff's petition have been satisfied under the facts herein agreed to, and the provisions of law applicable thereto, the sums claimed by plaintiff are correct and unpaid."

## The supplemental stipulation reads:

"It is hereby agreed and stipulated between the plaintiff, the First National Bank in Alma, and the defendant board of county commissioners of Wabaunsee county, Kansas, that the following agreed statement may be considered as supplementary to the agreed statement of facts heretofore agreed upon between the parties, and that the following facts are admitted and may be considered by the court at each and every trial and hearing had herein with the same effect as if testified to by witnesses in this action, to wit:

"That there was a mistake in the voucher upon which warrant No. 419 was drawn, in the sum of $1,907.71. That the warrant was drawn for this excess amount; that thereafter in making final settlement with the contractor the state highway commission discovered the mistake and took it into account so that the contractor was paid in fact only the correct amount on the contract for the construction of the bridge, and was in the end not overpaid (this warrant then being outstanding). That Wabaunsee county afterwards received from the state highway commission the full principal sum specified in the warrant

as a part of the sum of $64,600.64, and that the sum of $1,907.71 was disbursed as interest on this and other warrants as has heretofore been agreed.

"That it is further agreed that at the time this warrant was presented to the county treasurer as aforesaid, no objection was made to its validity, but the same was then marked not paid for want of funds."

From these stipulations it is clear the state highway commission paid to the county the principal sum of the county's outstanding warrants in accordance with its agreement with defendant and in compliance with section 17 of the highway act (Laws 1929, ch. 225). It is admitted the various warrants when presented to the county by the holders thereof were not paid. They were marked, "Not paid for want of funds," and were returned to the holders. It is also admitted that finally all these warrants were paid in full, with interest, except the two in question.

The warrants do not expressly provide for payment of interest. Appellant contends G. S. 1935, 41-101, which provides for six percent interest where no rate of interest is agreed upon, does not apply to a creditor of a county, since counties are not expressly named nor included therein by necessary implication. As authority for this contention we are referred to *Jackson County v. Kaul,* 77 Kan. 715, 96 Pac. 45; *Salthouse v. McPherson County,* 115 Kan. 668, 224 Pac. 70, and *School District v. Kingman County Comm'rs,* 127 Kan. 292, 273 Pac. 427. That this is the general rule appellee concedes. The decisions relied upon are not very helpful, as they do not involve the question of interest on county warrants. The first two cases deal with the recovery of interest on illegal tax charges and the third pertains to interest on money due a school district for tuition under the high-school tuition law. Defendant also relies upon a statement of law contained in 15 R. C. L., as follows:

"It is well settled, both on principle and authority, that a state cannot be held to the payment of interest on its debts unless bound by an act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority. This principle applies to bonds, claims, judgments, and warrants. The theory upon which the rule is based is that whenever interest is allowed, either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor. But delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes." (p. 17.)

In the instant case the obligation was that of a county, and the stipulation conclusively rebutted the presumption of the county's readiness to pay what it owed. The stipulation expressly admits

that when the warrants were presented for payment they were marked, "Not paid for want of funds." As we shall presently show, this was the express procedure authorized by statute when funds for payment of warrants were not on hand. That the practice employed in the instant case was almost universal in this state prior to the cash-basis law is common knowledge. No county expected banks or other holders of its warrants to carry its obligations without paying interest thereon. It is only fair to say that the universal custom and practice of paying interest on its warrants really formed the basis of credit for counties in this state. It would be an amazing spectacle for such a common practice to have been maintained over a period of many years without at least some apparent legal sanction. While no statute expressly provides the county shall be liable for interest on its warrants, yet the plain implication in various statutes that payment of interest after presentation for payment and failure of payment and prior to publication of call for redemption, was intended by the framers of the law, is so clear and compelling as to leave no doubt in our mind on the subject.

Contrary to the presumption that the county and other governmental subdivisions would be ready to pay what they owed, the laws of this state expressly contemplated their inability to pay what they owed when it was due. G. S. 1935, 10-806, provided warrants should be paid on presentation if there was sufficient money in the fund on which they were drawn. G. S. 1935, 10-807, provided the procedure when money was not available. The pertinent portion reads:

"In case there is not sufficient money in the hands of such treasurer to pay any warrant when presented, he shall endorse thereon a proper registered number, in the regular order of its presentation, and the words, 'Presented and not paid for want of funds,' with date, and sign said endorsement; . . ."

Section 10-808 of the General Statutes of 1935 makes it the duty of every county, township and school-district treasurer, at periods specified, to publish a call for the redemption of such warrants as he can pay. The pertinent portion of that statute provides:

". . . and interest shall cease on each of said warrants on and after such publication." (Italics inserted.)

Section 19-509 of the General Statutes of 1935, which applies only to the county treasurer and deals with redemption of warrants

and warrants received in payment of taxes, contains the same provision, to wit:

". . . *and interest shall cease on each warrant after such publication.*" (Italics inserted.)

Section 19-510 of the General Statutes of 1935 provides:

"The county treasurer shall, on the receipt of any county order for the payment of taxes, or for other purposes, immediately endorse thereon the date of its receipt, *the amount of interest, if any, allowed on the same,* and the name of the party by whom the same was paid or delivered to the county treasurer." (Italics inserted.)

Section 79-2907 of the General Statutes of 1935 reads:

"It shall be the duty of every county treasurer who may receive any state, county, city, township or school district order or warrant in payment of any taxes, or for the lands sold for taxes, to endorse upon such order or warrant the date of its reception, *the amount of interest allowed thereon;* and no credit shall be allowed to any treasurer for any warrant or order, or any interest thereon not so endorsed." (Italics inserted.)

Again, we find the cash-basis law (Laws 1933, ch. 319) required municipalities to make a complete financial statement as of April 30 of that year. The first item required to be listed was:

"Amount of *registered warrants and accrued interest thereon* classified by funds and years of issue." (G. S. 1935, 10-1103 A.) (Italics inserted.)

In the light of these numerous provisions the conclusion that the legislature intended the warrants should bear interest prior to publication of the call for redemption, seems inescapable. While the warrants themselves did not provide for interest, and while there was no other express contract for interest, there certainly was an implied agreement they should bear interest after payment was refused for want of funds. Such agreement was in harmony with what reasonably appears to have been the intention of the lawmakers. It further appears to have been the clear intention of the parties. The implied agreement was executed by payment of interest in full on all the warrants involved except the two in question. Three interest payments were made on each of the two warrants here involved. We have no hesitancy in holding that the balance of interest is recoverable on these particular warrants.

What rate of interest do they bear? It is true, as appellant contends, G. S. 1935, 41-101, which fixes the legal rate of interest at six percent where no other rate is specified, does not mention counties. Since interest was, however, contemplated by the parties and by the

lawmakers, and interest payments at the rate of six percent were actually made on the warrants, we see no reason why interest should not be recoverable at the same rate for the balance remaining unpaid.

Appellant further urges if interest is due to plaintiff it must be recovered from the highway commission. In support of the contention we are referred to *State, ex rel., v. State Highway Comm.,* 132 Kan. 327, 295 Pac. 986, and *McCandliss Construction Co. v. Neosho County Comm'rs,* 132 Kan. 651, 296 Pac. 720. If any question of interest was involved in either of those cases it was not expressly raised nor decided. As previously stated, the highway commission, under the act which created it, was not made liable for interest, but only for the principal sum of outstanding warrants. (Laws 1929, ch. 225, § 17, sub-div. 3.) It is further suggested the warrants were contracts and that under section 19 of the same act the commission was required to assume the liabilities of the various counties on all existing contracts. That was true as to existing contracts for the construction, improvement, reconstruction or maintenance of state highways and bridges, and for the purchase of machinery, equipment or material for use on state highways. Under the act it was the duty of the commission and the county to adjust their respective rights and liabilities as of April 1, 1929. (*State, ex rel., v. State Highway Comm.,* 138 Kan. 294, 26 P. 2d 606; *State, ex rel., v. State Highway Comm.,* 139 Kan. 858, 33 P. 2d 731.) Such an adjustment and settlement was made prior to July, 1929. The commission did assume the full liability of the county as of April 1, 1929, on existing contracts designated by section 19 of the act, and in accordance with the agreed settlement.

Other contentions forcibly urged by appellant have been fully noted, but we do not deem it necessary to treat them in this opinion. We observe no errors requiring a retrial, and the judgment is affirmed.