No. 45,802

Eugene Brown, personally, and as Husband and one of the heirs of Evelyn Brown, deceased; as Father and Heir of Paul Kelly Brown, deceased; and as Father and Next Friend of Jacqualyn Brown, Roberta Brown and Kathryn Brown, *Appellants,* v. State Highway Commission of Kansas, *Appellee.*

(476 P. 2d 233)

Opinion filed November 7, 1970.

*R. R. Mitchell,* of Dodge City, argued the cause, and *Don C. Smith,* of Dodge City, and *Camilla Klein Haviland,* of Dodge City, were with him on the brief for the appellant.

*John Morse,* of Topeka, argued the cause, and *Douglas B. Myers,* of Dodge City, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This case is the sequel to *Brown v. State Highway Commission,* 202 Kan. 1, 444 P. 2d 882, in which we affirmed a judgment against the highway commission for damages resulting from a defect in a state highway. (K. S. A. 68-419.) In subsequent proceedings before the district court, plaintiff's claim for interest on the judgment was denied, and he now appeals from that order.

The sole question for determination is whether the state highway commission is liable for interest on a judgment rendered against it in an action under the provisions of K. S. A. 68-419.

The general interest statute, which has been a part of our law since 1863, provides, in substance, that all judgments shall bear interest from the date on which they are rendered. (K. S. A. now 1969 Supp. 16-204.) In apparent recognition of the sweeping character of the doctrine of sovereign immunity, and the underlying principle that a state (or a county as an arm of the state) can be sued only with its consent, this court has held that the statute has no application to judgments against the state or county. (*School District v. Kingman County Comm'rs.*, 127 Kan. 292, 273 Pac. 427; *Salthouse v. McPherson County*, 115 Kan. 668, 224 Pac. 70; *Jackson County v. Kaul*, 77 Kan. 717, 96 Pac. 45. Also, see, *First Nat'l Bank v. Wabaunsee County Comm'rs*, 145 Kan. 552, 66 P. 2d 558.) The rule is well stated in *Salthouse v. McPherson County*, supra:

". . . The county is not liable for interest on its obligations, for a statute which in general terms requires the payment of interest does not apply to the state or county unless it expressly so provides. (*Jackson County v. Kaul*, 77 Kan. 717, 96 Pac. 45.) The statute declares that all judgments shall bear interest. (R. S. 41-104.) There being no express reference to the state or county, they are by implication excepted from the operation of the general rule. (See 15 R. C. L. 17.)" (p. 673.)

The thrust of plaintiff's entire argument in this appeal is that with the enactment of 68-419, waiving the state's immunity in respect to actions for damages resulting from highway defects, the legislature, by implication, brought the state within the purview of the general interest statute (16-204). In other words, waiver of immunity from suit impliedly waived immunity from liability for interest. We are unable to agree.

Since the state cannot otherwise be sued, its liability for damages resulting from highway defects is purely statutory. A statute waiving immunity must be strictly construed, and the court has no right to enlarge the scope of the statute or to amend the law by judicial interpretation. (*Cronin v. State Highway Commission*, 182 Kan. 42, 318 P. 2d 1066; *Brock v. State Highway Comm.*, 157 Kan. 252, 139 P. 2d 811; *American Mut. Liability Ins. Co. v. State Highway Comm.*, 146 Kan. 239, 69 P. 2d 1091.)

Waiver of immunity by implication was touched on in *First Nat'l Bank v. Wabaunsee County Comm'rs*, supra, which was an action to recover principal and interest on county warrants. Although no statute expressly provided that such warrants should bear interest, this court held the various statutes under consideration implied that the legislature expressly contemplated the counties' inability

to pay what they owed when it was due; therefore, interest was recoverable. The court, in reaching its conclusion, emphasized that the statutes were "so clear and compelling as to leave no doubt" about the lawmakers' intention. The same view was expressed earlier in *Jackson County v. Kaul,* supra, in the following language:

". . . The general rule that the state is not bound by statutes limiting rights or imposing burdens unless it be expressly named or be intended by necessary implication is familiar. . . . To bind the state by an implication it must be one that is unavoidable. If there be a doubt upon the subject, that doubt must be resolved in favor of the state. . . ." (p. 719)

The statute authorizing this action against the state highway commission expressly provides for payment of any judgment rendered in such case out of the highway fund. Nothing, however, is said about allowing interest on such a judgment, nor is there anything from which we can conclude that the legislature intended, by way of implication, to waive the state's immunity from liability for interest.

The plaintiff suggests that since all procedural laws apply to actions filed pursuant to the statute, the general interest statute (16-204) also applies. We find this argument without merit, for the general interest statute is substantive in nature, rather than procedural. The authority to bring an action under the statute (68-419), while carrying with it many of the ordinary incidents of litigation, does not by implication embrace consent by the state to be held liable for interest on judgments under the general interest statute.

Substantial support for our conclusion may be found in numerous decisions collated in the annotation in 24 A. L. R. 2d 928. Also, see 45 Am. Jur. 2d Interest and Usury § 60; 49 Am. Jur. States, Territories, and Dependencies § 75; 81 C. J. S. States § 196.

The rule that a state is not liable for interest in the absence of a statute is grounded upon public policy. Delay or default ordinarily cannot be attributed to the state, for it is presumed to be ready to pay what it owes. (*First Nat'l Bank v. Wabaunsee County Comm'rs,* supra.) While the delay in this particular case of twenty-two months before the judgment was paid may be inordinate and unreasonable, we believe such matters rest within the exclusive province of the legislature. That body has full authority to determine the feasibility of waiving the state's immunity from liability for interest, including interest on judgments rendered under K. S. A.

68-419. If the lawmakers, in their wisdom, deem it advisable that the state be liable for interest on judgments, they may enact appropriate legislation which will leave no doubt about the matter.

The judgment is affirmed.

FATZER, J., dissenting: Where the Legislature waives governmental immunity from suits resulting from highway defects, and consent is given to actions against the State Highway Commission (K. S. A. 68-419), no logical reason exists why it should not stand in the same position as any other judgment debtor. K. S. A. 16-204 provides in part, that "[a]ll judgments of courts of record . . . shall bear interest from the day on which they are rendered. . . ."

No compelling reason bas been advanced by the State Highway Commission why it should not be held liable to pay interest pursuant to 16-204 on the judgment rendered against it. I would reverse the case, and direct the district court to compute interest at the rate of six percent from the date the judgment was rendered.