No. 57,885

In the Matter of the Protests of Midland Industries, Incorporated, for Taxes Paid in the Year 1982 in Sedgwick County, Kansas, and In the Matter of the Application of Midland Industries, Incorporated, for Relief from a Tax Grievance in Sedgwick County, Kansas, and In the Matter of the Application of Energy Reserves Group, Incorporated, for Relief from a Tax Grievance in Sedgwick County, Kansas.

(703 P.2d 840)

Opinion filed July 26, 1985.

C. Robert Bell, assistant county counselor, argued the cause and was on the brief for appellant Sedgwick County.

Robert J. O'Connor, of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause and was on the brief for appellees Midland Industries, Inc., and Energy Reserves Group, Inc.

The opinion of the court was delivered by

Lockett, J.: This is an appeal from an order of the district court of Sedgwick County in which the court ordered that, in addition to the protested taxes, prejudgment interest on the protested taxes be awarded the taxpayers.

In the first appeal of this case, Midland Industries, Inc., and Energy Reserves Group (taxpayers) challenged a ruling by the district court in which the court held that the county could collect from taxpayers taxes which they had escaped paying

because of prior incorrect assessments. This court reversed the trial court in *In re Order of Board of Tax Appeals*, 236 Kan. 406, 691 P.2d 394 (1984), determining that there was no remedy for a taxing district's clerical error in favor of a taxpayer which is not detected prior to sending out tax notices.

The district court then ordered the refund of all protested taxes that were illegally collected by Sedgwick County. The district court also ordered an award of interest on all refunded taxes at an annual rate of ten percent per annum from the date when the taxes were paid until the date when judgment was entered and interest at the rate of 15 percent per annum until the full amount of the refund, principal and interest was paid by Sedgwick County. The county is now challenging the award of prejudgment interest by the district court.

The general rule is that an unliquidated claim for damages does not draw interest until liquidated. *Holmes v. Kewanee Oil Co.*, 233 Kan. 544, 553, 664 P.2d 1335 (1983). A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same become definitely ascertainable by mathematical computation. Where an amount is due upon contract, either expressed or implied, and there is no uncertainty as to the amount which is due or the date on which it becomes due, the creditor is entitled to recover interest from the due date. *First National Bank v. Bankers Dispatch Corporation*, 221 Kan. 528, 537, 562 P.2d 32 (1977); *Phelps Dodge Copper Products Corp. v. Alpha Construction Co.*, 203 Kan. 591, 455 P.2d 555 (1969).

Taxpayers claim that Sedgwick County has retained and had the use of the money paid under protest, and that where a party retains and makes actual use of money belonging to another, equitable principles require him to pay interest on the money so retained and used. *Holmes v. Kewanee Oil Co.*, 233 Kan. at 553; *Shutts, Executor v. Phillips Petroleum Co.*, 222 Kan. 527, Syl. ¶ 20, 567 P.2d 1292 (1977), *cert. denied* 434 U.S. 1068 (1978).

Sedgwick County argues that since K.S.A. 79-2005 makes no provision for the payment of interest, the legislature did not intend that interest should be paid and it should not be allowed in this case. The taxpayers argue that if the legislature had not intended that interest be paid on tax refunds, it would have expressly stated that intention.

Provision for the refund of improperly collected taxes is provided for in K.S.A. 79-2005 (k) and (l):

"(k) In the event the board orders that a refund be made and no appeal is taken from such order, the county treasurer shall, as soon thereafter as reasonably practicable, refund to the taxpayer such protested taxes from tax moneys collected but not distributed. Upon making such refund, the county treasurer shall charge the fund or funds having received such protested taxes.

"(l) Whenever, by reason of the refund of taxes from any fund, it will be impossible to pay for the imperative functions of such fund for the current budget year, the governing body of the taxing district affected shall issue no-fund warrants in an amount necessary to pay such refund. Such warrants shall conform to the requirements prescribed by K.S.A. 79-2940, and amendments thereto, except they shall not bear the notation required by such section and may be issued without the approval of the state board of tax appeals. The governing body of such taxing district shall make a tax levy at the time fixed for the certification of tax levies to the county clerk next following the issuance of such warrants sufficient to pay such warrants and the interest thereon. All such tax levies shall be in addition to all other levies authorized or limited by law and the tax levy limitations imposed by article 19 of chapter 79 of the Kansas Statutes Annotated, and amendments thereto, and K.S.A. 79-5001 to 79-5016, inclusive, and amendments thereto, shall not apply to such levies."

The statute makes no provision for an award of interest on taxes which are to be refunded, except when there are insufficient funds to make a refund and no-fund warrants must be issued.

There is a split of authority as to whether, in the absence of specific statutory provisions therefor, a taxpayer is entitled to interest on taxes illegally assessed or charged. Courts which have approved the awarding of interest for illegal assessments or charges have sometimes stated that when a sovereign submits itself to suit it should come into court on the same basis, in the event of adverse decision, as any other party. In jurisdictions in which the courts have held that no interest is allowable, the courts have asserted that under the doctrine of sovereign immunity the plaintiff can recover interest only if the legislature has provided for it by statute; that the rule denying interest on a tax refund has its antecedent in the rule that interest, being a creature of statute, is recoverable only by statute or contract; or that interest is allowed only where there is a delay or default of the debtor, but that delay or default cannot be attributed to the state, since the state is presumed to be always ready to pay what it owes. 72 Am. Jur. 2d, State and Local Taxation § 1068; see also Annot., 88 A.L.R.2d 823, §§ 2, 5.

In a number of past decisions, this court has held that under

870

the doctrine of sovereign immunity, a state or county is not liable for interest on its obligations, unless some statute expressly so provides. *Brown v. State Highway Commission,* 206 Kan. 49, 476 P.2d 233 (1970); *First Nat'l Bank v. Wabaunsee County Comm'rs,* 145 Kan. 552, 66 P.2d 558 (1937); *School District v. Kingman County Comm'rs.,* 127 Kan. 292, 273 Pac. 427 (1929); *Salthouse v. McPherson County,* 115 Kan. 668, 224 Pac. 70 (1924).

The taxpayers argue, however, that this court abrogated the prior law in *Shapiro v. Kansas Public Employees Retirement System,* 216 Kan. 353, 532 P.2d 1081 (1975). In *Shapiro,* the issue was whether a widow of a member of the Kansas Public Employees Retirement System (KPERS) was entitled to recover interest on accidental death benefits wrongfully withheld by the system. KPERS is a state retirement system which creates contracts between the state and its employees who are members of the system. Maintaining KPERS is a proprietary function of the state, and the state has expressly provided that KPERS may be sued on its contractual obligations.

We determined that where a state legislature has consented that one of its agencies may be sued on its express contracts, the waiver of sovereign immunity should extend to every aspect of its contractual liability including the right of the contracting party to recover interest where it is customarily included as a part of the damages to be awarded for breaches of contracts. This court has held on numerous occasions that where the state is involved in a proprietary or private function, it will be held to the same responsibility as a private person for injuries resulting from failure to meet its contractual obligations or as a result of its negligence. *Carroll v. Kittle,* 203 Kan. 841, 457 P.2d 21 (1969).

Absent a statute expressly imposing liability, a municipality is not liable for its performance of a governmental function. Ordinarily a municipality is engaged in the performance of a governmental function when it exercises the sovereign power delegated to it to look after the general public good and after the peace, health and well being of the citizens of the state at large. *Grover v. City of Manhattan,* 198 Kan. 307, 424 P.2d 256 (1967); *Wendler v. City of Great Bend,* 181 Kan. 753, 316 P.2d 265 (1957). The collection of taxes by a municipality is a governmental function and not a proprietary one.

Therefore, the rule of *Shapiro* is not applicable to the present case, and the general rule that a county is not liable for interest on its obligations unless some statute expressly so provides does apply. The taxpayers argue, however, that failure to expressly provide for payment of interest on refunds does not imply that the legislature intended for tax refunds to be exempt from awards of interest.

The fundamental rule of statutory construction to which all others are subordinate is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *Szoboszlay v. Glessner*, 233 Kan. 475, 664 P.2d 1327 (1983). In order to ascertain legislative intent, courts are not permitted to consider only an isolated part or parts of an act but are required to consider and construe together all parts thereof in pari materia. *Szoboszlay v. Glessner*, 233 Kan. at 478.

A survey of Chapter 79, Taxation, shows that the legislature has provided for payment of interest on refunded taxes under certain circumstances. For example, K.S.A. 79-1579 provides that upon the allowance of an abatement or refund of any part of an inheritance tax, interest at the rate of 12 percent per annum shall be paid from a special fund set up for such payment. K.S.A. 79-2005(l) provides that the taxing district may issue no-fund warrants where it does not have the money in the current budget year and shall then make a tax levy sufficient to pay such warrant and the interest thereon.

Other sections of Chapter 79, however, make no provision for payment of interest upon refunds. For example, in K.S.A. 79-1701a, the legislature has provided that taxpayers may receive a refund for the overpayment of taxes where the overpayment was due to a clerical error. The statute does not provide for payment of interest on the refund. K.S.A. 79-1702 also provides for a refund where taxes were improperly collected, but does not provide for interest. K.S.A. 79-1564(d)(4) provides for a refund of taxes which were paid on assets not within the control of the administrator, executor or deemed executor of an estate when he cannot collect that from the distributee, but does not provide for an award of interest.

The existence of specific statutes providing for the payment of interest contradicts the taxpayers' argument that they are entitled to interest on a refund of taxes under 79-2005. Under the rule of

*expressio unius est exclusio alterius* (the expression of one excludes the other) the choice of the legislature to not provide for the payment of interest on certain refunds while expressly providing for such payment on other refunds indicates an intention to exclude from the omitted refunds the obligation of interest. Since K.S.A. 79-2005 does not specifically provide for the payment of interest except on no-fund warrants, the district court was incorrect in awarding prejudgment interest.

Since it has been determined that K.S.A. 79-2005 does not authorize the payment of interest on refunds of taxes which were improperly collected, we do not need to consider the issue of whether interest could be awarded on remand when the appellees had not requested such at any time prior to the hearing on remand.

The decision of the district court is modified and the case is remanded for further proceedings.