57,424

THE CITY OF LENEXA, KANSAS; SMITH & LOVELESS, INC.; MILHAUS LEASING COMPANY; TOWNLEY HARDWARE COMPANY; C.H. BANK BUILDING ASSOCIATES and ENGLAND-GUTEKUNST INVESTMENT, a Kansas General Partnership, *Appellees*, v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON, and the REGISTER OF DEEDS and the COUNTY TREASURER OF SAID COUNTY, *Appellants*.

(703 P.2d 800)

Opinion filed July 26, 1985.

*Bernis G. Terry,* assistant county counselor, argued the cause, and *Philip S. Harness,* county counselor, was with him on the briefs for appellants Board of County Commissioners, *et al.*

*Charles W. Smiley,* of Linde Thomson Fairchild Langworthy Kohn & Van Dyke, P.C., of Overland Park, argued the cause, and *Thomas J. Daly* and *James C. Tilden,* of the same firm, of Kansas City, Missouri, and *Kenneth C. Jones,* of Watson, Ess, Marshall & Enggas, of Olathe, and *R. Scott Beeler,* of Gage & Tucker, of Overland Park, were with him on the brief for appellees Milhaus Leasing Company; Townley Hardward Company; C. H. Bank Building Associates; England-Gutekunst Investment, a Kansas General Partnership; and the City of Lenexa.

*James T. Price*, of Spencer, Fane, Britt & Browne, of Kansas City Missouri, argued the cause, and *Thomas M. Welsch* and *Richard H. Hertel*, of the same firm, of Overland Park, were with him on the brief for appellee Smith & Loveless, Inc.

The opinion of the court was delivered by

HERD, J.: This is an appeal from the judgment of the district court reversing the decision of the Kansas Board of Tax Appeals (BOTA). The district court ordered appellants, the Board of County Commissioners of Johnson County, the Johnson County Register of Deeds and the County Treasurer, to refund the mortgage registration fees paid by appellees, Smith and Loveless, Inc., Milhaus Leasing Company, Townley Hardware Company, C.H. Bank Building Associates, and England-Gutekunst Investment. The court also ordered appellants to pay interest from the dates on which the fees were paid. The Board of County Commissioners, the Register of Deeds and the County Treasurer appeal.

In 1981, appellees filed leases with the Johnson County Register of Deeds. At the time of filing, upon demand, each paid a mortgage registration fee accompanied with a written statement of protest. In the case of Milhaus Leasing and Townley Hardware, however, the protests were filed the day after the filing of their leases.

Subsequently, the appellees filed applications with BOTA for the refund of the mortgage registration fees pursuant to K.S.A. 79-2005. On June 23, 1982, BOTA ruled it did not have jurisdiction over Milhaus Leasing and Townley Hardware because they did not present written statements of protest at the time the mortgage registration fees were paid. Consequently, BOTA rejected their applications. BOTA then ruled the leases filed by the other appellees constituted mortgages, thereby requiring payment of the mortgage registration fees. BOTA further ruled the leases were not statutorily exempt from the mortgage registration fees since they were security for the payment of industrial revenue bonds, and therefore the fees did not constitute a tax on the bonds themselves.

The appellees appealed to the district court. The district court held the leases were mortgages on real property, subject to payment of mortgage registration fees, but concluded they were

exempted from the payment of fees since they were mortgages to secure payment of industrial revenue bonds pursuant to K.S.A. 12-1746.

The Board of County Commissioners, the Register of Deeds, and the County Treasurer appeal.

The first issue to be considered is whether the district court's ruling that the leases constituted mortgages is before this court.

The appellees argued to the district court that their leases were not mortgages and therefore were not subject to mortgage registration fees. The district court ruled the leases were mortgages, but were exempt from the mortgage registration fees since the fees constituted a tax on industrial revenue bonds.

Appellees did not cross-appeal from the district court's ruling that the leases were mortgages. We have held failure to file a cross-appeal precludes the appellate court from reviewing the district court's rulings complained of by appellees.

Appellees did argue, however, that the leases in this case cannot be mortgages due to this court's ruling in *Misco Industries, Inc. v. Board of Sedgwick County Comm'rs*, 235 Kan. 958, 685 P.2d 866 (1984). In *Misco* this court held lease agreements entered into between a business and a city pursuant to the industrial revenue bond statutes are leases, not mortgages, and are therefore not subject to mortgage registration fees.

The question of whether a lease, which has been established according to the specific conditions of the industrial revenue bond statutes, is a lease or a mortgage is a question of law which arises in this case on proven and admitted facts. This issue is also determinative of the case. Thus, a cross-appeal was unnecessary for this issue to be considered on appeal.

Appellants argue appellees may not raise this issue now for another reason. It is alleged appellees stipulated that the question of whether the leases were mortgages was a question of fact and that the particular leases in question were mortgages. Neither the court nor the parties are bound by stipulations as to questions of law. As discussed, the issue of whether the leases are mortgages is a question of law, and therefore, the stipulation on this issue is not binding.

As noted previously, in *Misco* we specifically held lease agreements arranged in accordance with the industrial revenue bond statutes are leases, not mortgages. The record in this case

reveals the leases in question were established pursuant to the industrial revenue bond statutes and, therefore, we are bound by our decision in *Misco*. The leases in this case are not mortgages, and are therefore not subject to the mortgage registration fee.

The issue of whether the district court erred in holding the leases exempt from the mortgage registration fee is precluded from consideration by our ruling on the first issue. Hence, the court's judgment on this issue must be affirmed, since the court concluded mortgage registration fees were not owed, even though that conclusion was based on an erroneous interpretation of the law. We have held if the district court reached the correct result, but for an incorrect reason, the decision should be upheld. *Strehlow v. Kansas State Board of Agriculture*, 232 Kan. 589, 592, 659 P.2d 785 (1983).

The next issue is whether the district court had jurisdiction over this matter. This case originated as a K.S.A. 79-2005 action before BOTA. An appeal was taken from the decision of BOTA to the district court. Appellants argue we held in Misco that the procedure set out in K.S.A. 79-2005 was not the proper method of seeking refunds of mortgage registration fees and, hence, the district court was without jurisdiction since this case originated as a K.S.A. 79-2005 action.

We disagree with appellants' argument. Our decision in *Misco* reiterated that K.S.A. 79-2005 was not the *only* method of seeking review of these types of cases. 235 Kan. at 966-67. This issue is, therefore, without merit.

Appellants next argue this court has no jurisdiction over appellees Milhaus Leasing Company and Townley Hardware Company because no written protests were filed when the taxes were paid. Both parties filed their written protests the day after paying the mortgage registration fees. Appellants argue this is improper pursuant to K.S.A. 79-2005(a), which provides:

"Any taxpayer, before protesting the payment of such taxpayer's taxes, shall be required, either at the time of paying such taxes, or, if the whole or part of the taxes are paid prior to December 20, no later than December 20, to file a written statement with the county treasurer, on forms approved by the director of property valuation and provided by the county treasurer, clearly stating the grounds on which the whole or any part of such taxes are protested and citing any law, statute or facts on which such taxpayer relies in protesting the whole or any part of such taxes."

BOTA agreed Milhaus and Townley had not complied with

the statutes and were not properly before it. The district court, however, included them in its rulings.

Appellees Milhaus and Townley argue they filed their written protest within the proper amount of time because they were filed prior to December 20, 1981. Milhaus and Townley both paid their taxes on March 2, 1981; their written protests were filed March 3, 1981. Appellees argue the statute allows the written protest to be filed either when the taxes are paid or prior to December 20.

Appellants argue the December 20 filing was created only for ad valorem taxes since that date has no relevance to any other taxes, such as mortgage registration fees.

Appellees argue the filing should not be limited judicially to ad valorem filings since the statute does not provide that limitation and the legislature knew the statute had been applied to mortgage registration fee cases due to our decision in *Meadowlark Hill, Inc. v. Kearns,* 211 Kan. 35, 505 P.2d 1127 (1973), which was decided prior to the addition of the December 20 language in the statute. In *Meadowlark Hill,* we held the provisions of K.S.A. 79-2005 are available to an aggrieved taxpayer as a means of challenging the legality of a mortgage registration fee assessment. 211 Kan. 35, Syl. ¶ 5.

We have held it is presumed, in amending a statute, the legislature acted with full knowledge of judicial decisions concerning the statute. *Szoboszlay v. Glessner,* 233 Kan. 475, 480, 664 P.2d 1327 (1983).

We find the legislature's failure to limit the December 20 deadline exclusively to ad valorem taxes persuasive that the statute should not be so limited. We hold the filing of the written protests by Milhaus and Townley the day after the payment of their mortgage registration fees was timely. The district court correctly asserted jurisdiction over those parties.

The final argument raised by appellants is the district court erred in awarding interest on the mortgage registration fees. Appellants cite *Jackson County v. Kaul,* 77 Kan. 715, 96 Pac. 45 (1908), for the rule that political subdivisions are exempt from payment of interest on taxes wrongfully assessed.

In *Brown v. State Highway Commission,* 206 Kan. 49, 476 P.2d 233 (1970), this court held:

"If the lawmakers, in their wisdom, deem it advisable that the state be liable for

interest on judgments, they may enact appropriate legislation which will leave no doubt about the matter." 206 Kan. at 52.

Thus, if a statute exists which provides for the granting of interest by the court against political subdivisions, then such is proper. Appellees cite K.S.A. 1984 Supp. 16-204, which provides:

"**Interest on Judgments.** Except as otherwise provided in accordance with law, and including any judgment rendered on or after July 1, 1973, against the state or any agency or political subdivision of the state:

. . . .

"(c) Any judgment rendered by a court of this state on or after July 1, 1982, shall bear interest on and after the day on which the judgment is rendered, at the rate of 15% per annum." (

This statute only authorizes payment of postjudgment interest. There is no statutory provision for payment of interest on wrongfully assessed mortgage registration fees. Hence, the court erred in awarding interest on the mortgage registration fees prior to judgment.

The judgment of the district court is affirmed in part and reversed in part.