David C. Van Parys Leavenworth County Counselor Leavenworth County Courthouse 4th and Walnut Leavenworth, Kansas 66048
Dear Mr. Van Parys:
You request our opinion regarding the provisions of section 14 of 1994 senate bill no. 542. Specifically you question whether section 14 prohibits collection of delinquent personal property taxes for tangible personal property discovered to have escaped taxation when the discovery occurred prior to January 1, 1994. You also inquire whether section 14 of the bill requires the refund of delinquent personal property taxes for tax years preceding tax year 1992 when those payments were made after January 1, 1994 but before enactment of the bill.
Section 14 of 1994 senate bill no. 542 provides as follows:
 "If, from and after January 1, 1994, and on or before March 14, 1995, the county or district appraiser discovers any taxable tangible personal property which would be subject to a penalty pursuant to the provisions of K.S.A. 79-1427a, and amendments thereto, such property shall be listed and appraised and taxes collected thereon as provided in K.S.A. 79-1427a, and amendments thereto; however, such property shall not be liable for any taxes that would have been levied against such property for any year prior to the 1992 tax year and no penalty shall be added. Notwithstanding the foregoing, the penalties prescribed by K.S.A. 79-1427a, and amendments thereto, shall be added whenever any person, association, company or corporation that has fraudulently failed to list or has fraudulently underreported tangible property required to be listed for taxation as provided in K.S.A. 79-306, and amendments thereto. Such fraud shall be proven by clear and convincing evidence."
In enacting this statute the legislature has essentially created a retroactive exemption (for tax years preceding 1992) for certain taxpayers. In determining who is entitled to an exemption, the courts have established certain rules. "Taxation is the rule, exemption is the exception." In re Application of Int'l Bhd. of Boilermakers, 242 Kan. 302,305 (1987), quoting Kansas State Teachers Ass'n v. Cushman, 186 Kan. 489,501 (1960). Statutory exemption provisions are to be strictly construed, and all doubts are to be resolved against exemption. Id.;Board of Wyandotte County Comm'rs v. Kansas Ave. Properties, 246 Kan. 161,166 (1990), quoting T-Bone Feeders, Inc. v. Martin, 236 Kan. 641, 645-46
(1985). The exemption granted by section 14 specifically applies only to property discovered after January 1, 1994 and before March 15, 1995. Thus, applying the rules of construction to the language of the enactment, it is our opinion that counties are not precluded from collecting delinquent personal property taxes levied against property discovered to have escaped taxation when the discovery occurred before January 1, 1994.
Similarly, because there is no mention of refunding delinquent personal property taxes on property that would otherwise be exempted by the provisions of section 14 but that were paid prior to its enactment, and because all doubts are to be resolved against exemption, it is our opinion that counties are not automatically obligated to refund such tax payments. See In re Tax Protests of Midland Industries, Inc., 237 Kan. 867,871-872 (1985) (refund of interest not required where statute is silent). We note that the rule of voluntary payment [see Palmer v. FirstNat'l Bank of Kingman, 10 Kan. App. 2d 84, 90 (1984) Attorney General Opinion No. 87-68] does not apply because the taxpayers were making payments based on the law that existed at the time payment was made, rather than paying in error, in ignorance of the law. However, we find the rule instructive.
In conclusion, 1994 senate bill no. 542 does not prohibit collection of delinquent personal property taxes which were discovered prior to January 1, 1994, nor does it require refund of delinquent personal property taxes for tax years prior to the 1992 tax year that were paid to the county after January 1, 1994 but before enactment of the bill. We express no opinion regarding the legislature's authority to enact section 14 as that question was not posed.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm