No. 76,188

In the Matter of WALTER C. WILLIAMSON, *Respondent*.
(918 P.2d 1302)

Opinion filed July 12, 1996.

*Stanton A. Hazlett*, chief deputy disciplinary administrator, argued the cause, and *Mark F. Anderson*, disciplinary administrator, was with him on the formal complaint for petitioner.

*Walter C. Williamson*, respondent, argued the cause pro se.

*Per Curiam*: This is an original attorney discipline proceeding filed by the Disciplinary Administrator against respondent Walter C. Williamson, an attorney licensed to practice law in Kansas, whose last registration address is in Wichita. A formal complaint alleging breach of fiduciary duty and failure to cooperate in the disciplinary investigation was filed against respondent. A hearing on the complaint was held by a hearing panel of the Kansas Board for the Discipline of Attorneys on January 17, 1996. Respondent appeared pro se and was allowed to file an answer out of time. The report, findings, and recommendations of the panel were filed with the Kansas Supreme Court on March 5, 1996. Respondent did not file exceptions to the facts as determined by the hearing panel.

The facts as determined by the hearing panel are that on July 26, 1982, a petition for probate of will was filed in the estate of Anita Williamson. In the petition it was requested that respondent be appointed executor of the estate. On August 24, 1982, the will in the Anita Williamson estate was admitted to probate, and respondent was appointed executor of the estate. Respondent was not required to post a bond. Richard Williamson, a son; Sarah Snow, a granddaughter; and respondent, a grandson, were the sole heirs in the Anita Williamson estate. Richard Williamson died in June 1993. Thomas Scott Williamson and Shari Nichols are heirs and legatees of Richard Williamson. On September 16, 1993, approximately 11 years after respondent had been appointed executor of the estate, Thomas Williamson and Shari Nichols filed a verified petition to remove Walter C. Williamson as executor and to appoint

Thomas Williamson and Shari Nichols as administrators de bonis non C.T.A. in the Anita Williamson estate. The verified petition alleged that respondent had failed to perform the duties required by law of the executor of an estate. Specifically, it was alleged that respondent had not acted with diligence in fulfilling his duties as executor and had failed to distribute all of the assets of the estate. On October 6, 1993, respondent was ordered to file an inventory and accounting of the estate by October 27, 1993.

The verified petition was heard on January 7, 1994. Respondent appeared pro se. The court held that respondent (1) had failed to perform his duties under law as the executor, (2) was not diligent, and (3) had failed to administer the assets of the estate. Respondent was removed as executor. At the time of respondent's removal as executor, he had failed to file an inheritance tax return or an accounting by October 27, 1993. Respondent did file an inventory on January 7, 1994, which indicated total estate assets of $54,000.

On October 21, 1994, a civil action was filed on behalf of the Anita Williamson estate beneficiaries against respondent to recover $83,000 in unaccounted-for estate assets. Respondent was served but did not file an answer to the beneficiaries' petition. A default judgment was taken against respondent on December 30, 1994. The judge found that respondent (1) had breached a fiduciary duty to the estate by failing to account for $83,481.42 in estate assets and (2) as executor of the estate had converted estate funds to his own use by false pretenses, false representation, or actual fraud. The judge entered judgment against respondent. The judgment was doubled pursuant to K.S.A. 59-1704 to $166,962.84.

Respondent's defense to the hearing panel for his actions as executor was that he was given the real estate and certain stock by the decedent, Anita Williamson, before her death, which he claims is shown by the writing of respondent's exhibit 3. The panel did not believe that such gifts were made by the decedent and did not believe the testimony of the respondent because:

"(a) . . . no inventory was filed by respondent in the estate of Anita Williamson until January 7, 1994, which inventory was duly signed by the respondent. [T]his inventory listed this real estate as an asset of the estate of Anita Williamson, and

not the property of respondent. Further, no deed was ever signed and/or recorded by Anita Williamson deeding the real estate to the respondent.

"(b) The decedent, Anita Williamson, owned certain stocks at the time of her death, which certificates were solely in the name of the decedent. Exhibit 'F' of the Board's exhibits shows that respondent, after being appointed as Executor of the estate of Anita Williamson, had these stocks transferred to his name as executor of the estate, which, of course, indicates that he was not the owner of the stock prior to the death of Anita Williamson.

"(c) . . . the respondent had the opportunity to put forth his defense of the ownership of the real estate and stocks, which were involved in the estate of Anita Williamson upon several prior occasions than this hearing, to wit: At the time of his removal as Executor of the estate; at the time of legal action against him by Shari Nichols and Thomas Scott Williamson . . . ; on several occasions during the investigation of this complaint by members of the Sedgwick County Bar Association and the Kansas Board for Discipline of Attorneys. It is noted that at no prior occasion did he claim that the real estate and stocks belonged to the respondent prior to the death of Anita Williamson."

The hearing panel found by clear and convincing evidence that respondent violated the following rules: MRPC 1.3 (1995 Kan. Ct. R. Annot. 257) (diligence), MRPC 1.15 (1995 Kan. Ct. R. Annot. 294) (safekeeping property), MRPC 8.4(c) and (d) (1995 Kan. Ct. R. Annot. 340) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaging in conduct prejudicial to the administration of justice), Rule 202 (1995 Kan. Ct. R. Annot. 189) (commission of civil wrong), and Rule 207 (1995 Kan. Ct. R. Annot. 202) (failing to properly respond to the disciplinary administrator or investigating attorney).

The hearing panel requested from the parties any facts for consideration for either aggravation or mitigation of the complaint against respondent. As aggravating factors the panel found a dishonest and selfish motive, a pattern of misconduct, a bad faith obstruction of the disciplinary process, and a refusal on the part of respondent to acknowledge any wrongful conduct. The panel further found that respondent had substantial experience in the practice of law, had complete indifference to making restitution, and had essentially stolen the assets of the estate of Anita Williamson.

In mitigation, the panel found that respondent has an absence of a prior disciplinary record.

The hearing panel recommended that respondent be disbarred from the practice of law by the Kansas Supreme Court. The panel further recommended that respondent pay the costs of the disciplinary proceeding.

We have noted previously that mitigating factors will not excuse violation of the Model Rules of Professional Conduct and are to be considered only when determining the nature and extent of the discipline to be administered. Factors to be considered in assessing punishment in attorney discipline cases include whether restitution has been made, previous violations or absence thereof, previous good character and reputation in the community, present or past attitude as shown by the attorney's cooperation during the hearing and his or her acknowledgement of the violation, support from friends and members of bar, any statement by a complainant expressing satisfaction with restitution made and requesting no discipline, and the personal misfortune of the attorney if such misfortune has contributed to a violation of the model rules. See *In re Daily*, 248 Kan. 158, 167, 804 P.2d 993 (1991).

Rule 207(a) imposes a duty on each lawyer subject to the jurisdiction of the Kansas Supreme Court to cooperate with and respond to the inquiries by the state disciplinary authorities at all stages of the proceedings, even when the lawyer is the subject of a disciplinary investigation. The language of Supreme Court Rule 207(a) is simple, straightforward, and unambiguous. It imposes the duty of cooperation on every lawyer under this court's jurisdiction, with one exception. The one exception, the right against self-incrimination, is contained in Rule 223 (1995 Kan. Ct. R. Annot. 236). See *State v. Savaiano*, 234 Kan. 268, Syl. ¶¶ 1, 2, 670 P.2d 1359 (1983).

We hold that the findings and conclusions of the hearing panel are supported by clear and convincing evidence. After a careful review of the record, a majority of this court accepts the recommendation of the disciplinary panel that respondent be disbarred from the practice of law in Kansas.

IT IS THEREFORE ORDERED that Walter C. Williamson be and he is hereby disciplined for violations of MRPC 1.3, 1.15, 8.4(c), and 8.4(d), and Rules 202 and 207.

IT IS FURTHER ORDERED that Walter C. Williamson be disbarred from the practice of law in the State of Kansas effective July 12, 1996.

IT IS FURTHER ORDERED that Walter C. Williamson shall comply with Supreme Court Rule 218 (1995 Kan. Ct. R. Annot. 222) and shall pay the costs of this action.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports.