No. 99,884

In the Matter of STEPHEN J. JONES, *Respondent.*
(186 P.3d 746)

Opinion filed June 27, 2008.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the brief for petitioner.

*Stephen J. Jones,* respondent, argued the cause and was on the brief pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Stephen J. Jones, a Wichita attorney admitted to the practice of law in Kansas in 1968.

This disciplinary case arose out of the respondent's conduct as the administrator of a probate estate. The estate was opened in 1998. By early 2000, all of the property of the estate had been liquidated and all of the debts had been paid. Although the estate could have been closed at that time and the proceeds distributed to the heirs, the respondent took no action to prepare the final accounting to close the estate and distribute the proceeds to the heirs.

In February 2006, one of the heirs filed a complaint with the Disciplinary Administrator's office. The respondent failed to respond to the complaint and failed to cooperate with the investigator assigned to handle the complaint. A subpoena duces tecum was issued to the respondent to appear before the investigator and produce certain records of the estate. The respondent appeared for the deposition, but he did not have all of the records of the estate's bank account. At the deposition he stated he would produce them, but he never did.

One week after the deposition, in late December 2006, the respondent petitioned the court for final settlement of the estate. On December 22, 2006, a journal entry of final settlement was filed and the estate was distributed to the heirs.

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys as required by Kansas Supreme Court Rule 211 (2007 Kan. Ct. R. Annot. 304). The hearing panel concluded that the respondent violated Kansas Rules of Professional Conduct (KRPC) 8.1(b) (2007 Kan. Ct. R. Annot. 553) (failure to respond to demand for information); KRPC 8.4(d) (2007 Kan. Ct. R. Annot. 559) (engaging in conduct prejudicial to administration of justice); KRPC 8.4(g) (engaging in conduct adversely reflecting on fitness to practice law); Kansas Supreme Court Rule 207(b) (2007 Kan. Ct. R. Annot. 288) (duties of the bar and judiciary); and Kansas Supreme Court Rule 211(b) (formal hearings).

The hearing panel unanimously recommends that the respondent be suspended from the practice of law for 2 years. Jones filed exceptions to the final hearing report pursuant to Supreme Court Rule 212(d) (2007 Kan. Ct. R. Annot. 317).

The panel made the following findings of fact:

### "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:
. . . .

"2.   On June 23, 1998, John E. Regan, a resident of Wichita, Kansas, died intestate. Mr. Regan worked at Cessna, owned a liquor store in Wichita, and owned a home in Wichita. Mr. Regan never married and had no children. Mr. Regan's parents were deceased and his only heirs were his uncles, aunts, and cousins. None of his heirs lived in Kansas.

"3.   Mr. Regan's cousin, Peter Regan, lived in Anchorage, Alaska. Peter Regan traveled from Alaska to Wichita, Kansas, to arrange for his cousin's burial and to initiate his estate.

"4.   While in Wichita, Peter Regan met with Michael Jones regarding John E. Regan's estate. Michael Jones is the Respondent's brother. The Respondent and Michael Jones maintain separate law offices in the same building. Michael Jones recommended that the Respondent serve as Administrator of John E. Regan's estate.

"5.   Peter Regan retained Michael Jones to probate his cousin's estate and paid $500 in attorneys fees.

"6.   On July 1, 1998, Michael Jones filed a Petition for Appointment of Administrator and Special Administrator. The Court approved the Petition and the Respondent was appointed to serve as the Administrator of John E. Regan's estate.

"7.   At the time of his death, Mr. Regan had a pending workers' compensation case against Cessna. In that case, the Respondent represented Mr. Regan. Shortly after Mr. Regan's death, the Respondent received a settlement check from Cessna

in the amount of $32,469.60 in full settlement of Mr. Regan's workers' compensation case. After attorneys fees, Mr. Regan's estate received $22,708.45.

"8.   Thereafter, Michael Jones filed an Amended Petition in the probate proceeding. According to the Amended Petition, John E. Regan had 16 heirs.

"9.   After the probate case was filed, Peter Regan inventoried John E. Regan's real property, personal property, and stock at the liquor store. The Respondent paid creditors of the estate approximately $16,000.00 and liquidated the liquor store inventory.

"10.   On October 29, 1999, the Court approved the sale of John E. Regan's home. On December 23, 1999, the Respondent completed the sale of the house and paid himself $4,045.56 as Administrator.

"11.   After the Respondent liquidated the assets, paid the creditors, and paid himself, the probate estate consisted of $27,301.00. The Respondent placed the net proceeds in a non-interest bearing checking account in his name as administrator of the estate of John E. Regan.

"12.   Thereafter, the Respondent took no action to distribute the net proceeds of the estate.

"13.   Finally, on February 25, 2006, Dorothy Brown, one of the heirs, filed a complaint with the Disciplinary Administrator's office against the Respondent for his conduct as Administrator of the estate. On March 7, 2006, the Disciplinary Administrator forwarded a copy of Ms. Brown's letter to the Respondent and requested that the Respondent provide a written response to the complaint within fifteen days. The Respondent failed to respond to the request for a written response.

"14.   On May 24, 2006, the Disciplinary Administrator again requested in writing that the Respondent provide a written response to the complaint. The Respondent did not respond to the second request for a written response to the complaint.

"15.   On July 18, 2006, the Disciplinary Administrator wrote to the Respondent for a third time. The Disciplinary Administrator requested a written response to the complaint filed by Ms. Brown. The Respondent did not provide a written response to the complaint in response to that third request. Thereafter, the Disciplinary Administrator called the Respondent and spoke to him by telephone. The Respondent promised to immediately send a written response *via* facsimile. The Respondent did not do so.

"16.   On September 19, 2006, the Disciplinary Administrator wrote to the Respondent and informed him that the case would be docketed for investigation.

"17.   On October 6, 2006, John Seeber, the attorney appointed to conduct an investigation of the complaint, wrote to the Respondent and requested that the Respondent provide a written response to the complaint. The Respondent failed to respond.

"18.   Thereafter, Mr. Seeber caused a subpoena to be issued requiring the Respondent's appearance for a deposition. On December 8, 2006, Mr. Seeber took the Respondent's deposition. Additionally, Mr. Seeber requested that the

Respondent provide certain bank records. The Respondent failed to provide the requested records.

"19. On December 15, 2006, the Respondent petitioned the Court for final settlement of the estate. On December 22, 2006, the Respondent finally made a distribution of the assets to the heirs.

"20. Between December, 1999, and December, 2006, Peter Regan and other heirs contacted the Respondent on a number of occasions seeking information regarding the distribution of the estate's net assets. Additionally, the Respondent received monthly statements from the Intrust Bank regarding the estate's checking account. Despite the repeated reminders to distribute the net assets of the estate, the Respondent took no action.

"21. Three of the heirs slated to inherit from John E. Regan's estate died after the estate should have been distributed but before it was actually distributed. The three heirs lost the opportunity to benefit from their inheritance."

The respondent filed exceptions to the panel's findings of fact contained in paragraphs 4, 9, 10, 11, and 18.

## STANDARD OF REVIEW

The applicable standards of review in disciplinary cases are well settled:

"In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Comfort*, 284 Kan. 183, 190, 159 P.3d 1011(2007); *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284).

"This court views the findings of fact, conclusions of law, and recommendations made by the hearing panel as advisory only, but we give the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Therefore, the hearing panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. When the panel's findings relate to matters about which there was conflicting testimony, this court recognizes that the panel, as the trier of fact, had the opportunity to observe the witnesses and evaluate their demeanor. We do not reweigh the evidence or assess the credibility of witnesses. 284 Kan. at 190. Rather, this court examines any disputed findings of fact and determines whether clear and convincing evidence supports the panel's findings. *In re Kellogg*, 269 Kan. 143, 153, 4 P.3d 594 (2000). If so, the findings will stand. Moreover, it is not necessary to restate the entire record to show substantial competent evidence to support the hearing panel's findings. 269 Kan. at 153." *In re Trester*, 285 Kan. 404, 408-409, 172 P.3d 31 (2007).

## EXCEPTIONS TO FINDINGS OF FACT

We turn now to the exceptions filed to the findings of fact.

There are fatal flaws in all five exceptions which preclude our consideration thereof on the merits. Each of the five findings of fact to which exceptions have been made were set forth in essentially the same language in the formal complaint filed herein. At the hearing before the panel, respondent admitted all factual allegations set forth in the formal complaint. Additionally, respondent does not cite to the record in his brief in support of his exceptions, nor does he argue in his brief that any of the findings of fact to which he filed exceptions are not supported by the record. *In re Bishop*, 285 Kan. 1097, 1106, 170 P.3d 1096 (2008) (exceptions not argued or supported by citation to the record in the respondent's brief are deemed abandoned).

We turn to the conclusions of law contained in the final hearing report.

### "CONCLUSIONS OF LAW

"1.   Based upon the findings of fact and the Respondent's stipulation at the hearing, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.1(b), KRPC 8.4(d), KRPC 8.4(g), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b) . . . .

"2.   'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). Justice required the Respondent to distribute the net proceeds of John E. Regan's estate in late 1999 or early 2000. His failure to do so for a period of seven years resulted in significant prejudice to the administration of justice. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d).

"3.   'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The Respondent owed a duty to provide reasonable communication to John E. Regan's heirs. The Respondent failed to do so. The Respondent owed a duty to John E. Regan's heirs to distribute the net proceeds of the estate in a diligent fashion. Again, the Respondent failed to do so. The Respondent's failures in his position as Administrator adversely reflect on his fitness to practice law. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g).

"4.   Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(c).

> 'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.' Kan. Sup. Ct. R. 207(b).

The Respondent knew that he was required to forward a written response to the initial complaint — he had been instructed to do so in writing by the Disciplinary Administrator and by Mr. Seeber. Additionally, the Respondent knew that he was to provide certain bank records to Mr. Seeber, as Mr. Seeber asked him directly to do so. Because the Respondent knowingly failed to provide a written response to the initial complaint filed by Ms. Brown as requested by the Disciplinary Administrator and Mr. Seeber and because the Respondent knowingly failed to provide the bank records requested by Mr. Seeber, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"5. The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirement:

> 'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.' Kan. Sup. Ct. R. 211(b).

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file an Answer to the Formal Complaint. Although the Respondent appeared at the hearing and admitted the allegations of the Formal Complaint, because there is no express procedure for default, his failure to file an answer or other response to the Formal Complaint caused the Disciplinary Administrator to expend unnecessary time to prepare for the hearing and call witnesses to the hearing who might not have been required. Thus, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b)."

The respondent filed exceptions to the panel's conclusions of law in paragraphs 1, 2, and 3.

### EXCEPTION TO CONCLUSION OF LAW PARAGRAPH 1

Conclusion No. 1 is simply an enumeration of KRPC and Supreme Court Rules found to have been violated by respondent. Subsequent paragraphs set forth the violations individually.

### EXCEPTION TO CONCLUSION OF LAW PARAGRAPH 2

The respondent takes issue with the panel's conclusion that his failure to close the estate for 7 years was conduct prejudicial to the administration of justice in violation of KRPC 8.4(d). In support thereof, he argues that the panel's findings were based on his ac-

tions as administrator, not his actions in actually practicing law. Moreover, he argues that the responsibility for closing the estate rested with his brother as the attorney for the estate, not with him as the administrator and, thus, the delay in closing the estate was not his fault. The violation of KRPC 8.4(d) as charged in the formal complaint was admitted by respondent at the formal hearing and, accordingly, cannot be a proper subject of an exception.

### *EXCEPTION TO CONCLUSION OF LAW PARAGRAPH 3*

Respondent reasserts his position that KRPC 8.4(g) is inapplicable as the charged misconduct is based on his conduct while acting as an administrator of an estate as opposed to actions of an attorney. There is no merit in this contention.

This court has repeatedly held that a lawyer is bound by the Code of Professional Responsibility in "every capacity in which the lawyer acts, whether acting as a lawyer or not." *State v. Russell*, 227 Kan. 897, 902, 610 P.2d 1122, *cert. denied* 449 U.S. 983 (1980) (rules of professional conduct apply to lawyer campaigning for public office). As the Disciplinary Administrator notes, this court has disciplined attorneys for their conduct as trustees, executors, administrators, and conservators. See *In re Wright*, 276 Kan. 357, 76 P.3d 1018 (2003) (attorney who converted money while acting with power of attorney found to have violated KRPC 1.15 [safekeeping property], KRPC 8.4[a] [violating rules of professional conduct], KRPC 8.4[c] [conduct involving dishonesty], KRPC 8.4[d] [conduct prejudicial to administration of justice], and KRPC 8.4[g] [conduct that adversely reflects on fitness to practice law]); *In re Rickman*, 266 Kan. 658, 972 P.2d 759 (1999) (attorney acting as administrator of an estate violated KRPC 8.4[c] [conduct involving dishonesty] for converting estate funds and KRPC 8.4 [d] [conduct prejudicial to administration of justice and KRPC 8.4[g] [conduct that adversely reflects on fitness to practice law] for failing to comply with court order to appear and for lack of diligence in locating the estate file); *In re Williamson*, 260 Kan. 568, 918 P.2d 1302 (1996) (attorney's conduct as executor in converting estate funds and in failing to act with diligence in handling estate violated KRPC 1.3 [diligence], KRPC 1.15 [safekeeping property], and KRPC 8.4

[c] and [d] [conduct involving dishonesty and conduct prejudicial to the administration of justice]); *State v. Freeman*, 229 Kan. 639, 629 P.2d 716 (1981) (attorney disciplined for mishandling funds as co-trustee).

Respondent further argues that he should not be held accountable for the delay in closing the estate because there was nothing more he could do. Thus, he contends, he has no fault. This contention is without merit. The respondent, as the administrator, had the duty to prepare a final accounting to be submitted with the petition for final settlement. K.S.A. 59-1502; K.S.A. 59-2247. At his deposition, the respondent admitted that without an accounting, the attorney for the estate could not do anything to close the estate.

### EXCEPTION TO CONCLUSION OF LAW PARAGRAPHS 4 AND 5

Respondent argues that paragraphs 4 and 5 of the conclusions of law are inappropriate. He filed no exception to these paragraphs and, accordingly, these paragraphs should be deemed admitted. See Supreme Court Rule 212(c) (2007 Kan. Ct. R. Annot 317) ("Any part of the hearing report not specifically excepted to shall be deemed admitted.").

However, because respondent's argument that the recommended discipline is too harsh is so intertwined with his claims as to these conclusions, they will be discussed briefly.

The respondent acknowledges in his brief that "technically" he is guilty of failing to respond to the initial inquiry by the Disciplinary Administrator. He argues, however, that he did not respond because he "felt that this was the duty and obligation of the attorney for the estate and relied on the response filed by that entity."

The respondent also argues about the conclusion in paragraph 4 concerning his failure to provide the bank records that John Seeber requested in the deposition. He contends that he did provide Seeber with information showing the account balance and that the "balances were simply monthly statements and many of them were unavailable even though unchanged." However, he does not explain how this excuses his omission of satisfying the subpoena or

his failure to supply the missing records later as was discussed in the deposition.

The respondent also complains about paragraph 5 of the final hearing report in which the panel concluded that the respondent's failure to file an answer to the formal complaint caused the Disciplinary Administrator to expend unnecessary time to prepare for the hearing and in producing witnesses to testify at the hearing. The respondent argues that this could have been avoided had the Disciplinary Administrator either issued a request for admissions "or simply accept[ed] the respondent's statement that the allegations were true." He suggests that the "expense" incurred by the Disciplinary Administrator's office "appears to be due to over-enthusiastic prosecution by the Disciplinary Administrator rather than necessity."

The Disciplinary Administrator responds by noting that Rule 211(b) required the respondent to file an answer to the formal complaint and, because there is no default judgment procedure in Kansas, it has the duty to present evidence at the hearing to prove the allegations of the formal complaint by clear and convincing evidence. See Supreme Court Rule 211(f). In this case, the respondent failed to cooperate and file responses as required, up to and including the formal complaint.

It was the respondent's duty under the rules to file an answer. It is not the duty of the Disciplinary Administrator's office to issue requests for admissions where there has been a failure to file an answer. Moreover, given the respondent's complete failure to respond at any point prior to the formal hearing, there is no reason to believe that even if a request for admissions had been issued, the respondent would have responded.

The previous statements as to the appropriate standards of review are equally applicable to the panel's conclusions of law. We conclude the findings of fact are supported by substantial, clear, convincing, and satisfactory evidence which amply supports the panel's conclusions of law. We adopt the panel's findings of fact and conclusions of law. We turn now to determining the appropriate discipline to be imposed.

## RECOMMENDED DISCIPLINE

The panel stated:

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to John E. Regan's heirs to diligently administer the estate. Additionally, the Respondent violated his duty to the legal profession to cooperate in the disciplinary investigation.

"*Mental State*. The Respondent knowingly violated his duties.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury. Three of the heirs died before they realized their inheritance. The Respondent's misconduct cannot be remedied.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on two occasions. In 1987, the Disciplinary Administrator informally admonished the Respondent for neglecting an estate matter for a period of five years. On October 29, 1993, the Kansas Supreme Court placed the Respondent on probation for having neglected four cases. *In re Jones*, 253 Kan. 836 (1993).

"A Pattern of Misconduct. The Respondent failed to distribute the net proceeds of the estate for a period of seven years despite regular reminders to do so. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 8.1, KRPC 8.4(d), KRPC 8.4(g), Kan. Sup. Ct. R. 207(b), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The Respondent knew that he was required to provide a written response to the complaint filed by Ms. Brown. The Respondent never filed a response. The Respondent knew that he was required to provide certain bank records. The Respondent never provided the bank records. The Hearing Panel, therefore, concludes that the Respondent obstructed the disciplinary proceeding.

"Vulnerability of Victim. The estate of John E. Regan was vulnerable to the Respondent's misconduct because none of the heirs lived in this area.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1968. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of more than 30 years. Accordingly, the Hearing Panel concludes that the Respon-

dent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Indifference to Making Restitution. To date, the Respondent has made no effort to pay interest to the heirs of the estate of John E. Regan for failing to distribute the net proceeds of the estate for a period of seven years.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. Despite his failure to cooperate prior to the hearing, at the hearing, the Respondent fully admitted the misconduct.

"Remoteness of Prior Offenses. The discipline imposed in 1987 and 1993, is remote in time . . . but not in character to the misconduct in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2.

. . . .

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended from the practice of law in the State of Kansas. The Respondent recommended that he be censured for the misconduct.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended for a period of two years from the practice of law in the State of Kansas.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION AS TO APPROPRIATE DISCIPLINE

Supreme Court Rule 212(f) provides:

"The recommendation of the panel or the Disciplinary Administrator as to sanctions to be imposed shall be advisory only and shall not prevent the Court from imposing sanctions greater or lesser that those recommended by the panel or the Disciplinary Administrator."

Respondent complains that the recommended discipline is too harsh. In support thereof he reiterates his position that all of his KRPC offenses occurred while he was acting as an administrator rather than as an attorney and, accordingly, cannot be grounds for

discipline thereunder. This position has no merit, as we have previously discussed.

Respondent again argues the failure to respond to the initial complaint was due to his reliance on his brother to handle the matter, who he blames for not closing the estate. Respondent also argues the prior offenses should not have been considered by the panel.

Respondent concludes his brief with the following statement:

"The conclusions and recommendations of the Hearing Panel are far more than this particular set of circumstances demands. The failure to cooperate was only in the failure to answer the charges, they were thereafter admitted at the hearing and it was essentially the decision of the prosecutor that no suggestion of an admission or a request for admissions was filed. The respondent regrets the situation and would submit that the failure to complete the estate in a timely fashion should not be laid solely at his feet. The attorney for the estate failed to respond to either the respondent or to the heirs. Respondent would submit that censure would be the proper decision that is fully supported by the evidence."

It is clear that respondent does not appreciate the seriousness of his misconduct. During the 7 years the estate remained open unnecessarily, three of the heirs died. Respondent was previously disciplined for a similar delay in closing an estate and was placed on probation for neglect of four cases. In the latter case, the panel noted: " 'Respondent is guilty of serious misconduct. Suspension from the practice of law is the customary and appropriate discipline for such conduct; however, the panel is loathe to recommend such unconditional discipline in this case.' " *In re Jones*, 253 Kan. 836, 838, 861 P.2d 1340 (1993). Despite his prior disciplinary experience, he, again, delayed closing an estate, keeping it open even longer than the earlier case. He, obviously, found no obligation to follow our rules and file a response to the initial complaint or to file an answer to the formal complaint. Respondent, apparently, learned little from his prior disciplinary experiences.

We conclude that the appropriate discipline herein is indefinite suspension from the practice of law in Kansas.

IT IS THEREFORE ORDERED that Stephen J. Jones be and he is hereby indefinitely suspended from the practice of law in Kansas, effective upon the filing of this opinion.

IT IS FURTHER ORDERED that Stephen J. Jones shall comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

NUSS, J., not participating.

LEBEN, J., assigned.